### SMART et al. v. VEHMEYER et al.

No. 20445. Opinion Filed Feb. 21, 1933.

Mounts & Chamberlin, for plaintiffs in
error.

Wilson & Roe, for defendants in error.

OSBORN, J. This is an appeal from the
district court of Tillman county, and in-
volves an order of said court taxing certain
items as costs. The record shows that
plaintiffs, C. L. Smart and W. C. Johnson,
had secured a judgment against the de-
fendant J. E. Vehmeyer in the sum of $250;
that they caused an execution to be issued
against the defendant and the sheriff
levied the same upon a certain growing
wheat crop, and procured W. T. Autrey.
who is herein referred to as movant, to harv-
est the wheat and haul it to market; that
about the same time the defendant Veh-
meyer was declared a bankrupt in the fed-
eral court for the Western District of
Oklahoma, and the sheriff delivered the
wheat, consisting of 780 bushels, to the
trustee in bankruptcy.

The movant, Autrey, then filed a motion
in the original action in which he alleged
that he had not been paid the expense in-
curred in harvesting and hauling the wheat,
and asked for an order taxing this expense.
in the sum of $213.02, as costs.

The plaintiffs filed a response to the mo-
tion and the same came on for hearing.
After evidence was presented, the court
entered an order finding the facts in favor
of movant, and ordered said sum taxed as
costs in the case, and from said order plain-
tiffs have lodged this appeal.

Plaintiffs contend, first, that the district
court was without jurisdiction to entertain
the motion, and that movant should have
filed a claim in the bankruptcy court against
defendant Vehmeyer. However, there was
no contract between movant and defendant.
Here the movant was acting under the
direction of the sheriff, levying an execu-
tion for the benefit of plaintiffs. By virtue
of section 511, O. S. 1931, plaintiff is liable
for all costs incurred by himself in case
they cannot be collected from defendant.

It is not contended that the sheriff acted improperly in ordering the wheat harvested, or that the charges of Autrey are excessive. Section 7846, O. S. 1931, provides, in part:

"The sheriff and constables shall charge and collect the following fees and none other: * * * The necessary expense for care of property when held by virtue of any process, to be allowed by the court issuing same and charged in case, and in no event to be charged against the county. * * *"

We therefore conclude that the sheriff was charged with the duty of properly preserving the property for the benefit of plaintiffs, and that any legal or proper expense incurred to that end was a proper charge as costs in the case.

The plaintiffs further contend that the movant, Autrey, was without authority to file a motion, since he was not a party to the original action. Section 524, O. S. 1931. provides:

"The several clerks of the district court shall tax the costs in each case, and insert the same in their respective judgments, subject to retaxation by the court, on motion of any persons interested."

It might be observed that had this motion been filed by the sheriff, the defendant, or any other party, it would have been for the benefit of the movant, Autrey, and we fail to find any substantial prejudice to plaintiffs in allowing the movant to appear and prosecute the motion in his own name, especially in view of the fact that plaintiffs made no effort to have the motion stricken, but filed a response, and did not question movant's right to appear, except by objection to the introduction of evidence. Section 252, O. S. 1931.

There being no other assignments of error presented in the briefs, the cause is affirmed.

The record shows that a supersedeas bond was executed and filed in the district court, and the movant has requested an order of this court granting him judgment on the supersedeas bond.

It is, therefore, ordered and adjudged that the movant, W. T. Autrey, have and recover of and from C. T. Smart and W. C. Johnson, principals, and W. O. Smart and M. L. Lewis, sureties on said supersedeas bond, the sum of $213.02, with interest from the 10th day of December, 1928, at the rate of 6 per cent. per annum, together with costs in the district court and in this court.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BUS-

BY, and WELCH, JJ., concur. BAYLESS, J., absent.